dividuals whose property has been seized by the government may pursue a due process remedy pursuant to Federal Rule of Criminal Procedure 41(g)." *Rhaburn*, 88 Fed.Cl. at 314. The court held, and we agree, that a claim under Rule 41(g) is not within the jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1356 (district courts have original jurisdiction over "any seizure"). The dismissal by the Court of Federal Claims has no preclusive effect on any such action in the district court.

 Mr. Rhaburn also states that the Court of Federal Claims violated his due process rights by dismissing his case without an oral hearing. The government states that the court permitted Mr. Rhaburn to respond in writing, which he did. In this case, where the facts are undisputed, the law is clear, and Mr. Rhaburn's views were presented and considered, we agree that no violation of due process occurred.

We have considered all of Mr. Rhaburn's arguments, and discern no cognizable claim within the jurisdiction of the Court of Federal Claims. The dismissal of the complaint is affirmed.

No costs.

**AFFIRMED**

**BIOPOLYMER ENGINEERING, INC.
(doing business as Biothera),
Plaintiff–Appellant,**

**and**

**Massachusetts Institute of
Technology, Plaintiff,**

**v.**

**IMMUNOCORP and Biotec Pharmacon
ASA, Defendants.**

No. 2010–1096.

United States Court of Appeals,
Federal Circuit.

Aug. 2, 2010.

Rehearing Granted, Judgment
Vacated Oct. 21, 2010.

Darren B. Schwiebert, Grant D. Fairbairn, Lora Esch Mitchell Friedemann, Fredrikson & Byron, Minneapolis, MN, for Plaintiff–Appellant.

Susan A. Cahoon, Kilpatrick Stockton LLP, Atlanta, GA, for Defendants.

Before RADER, Chief Judge, BRYSON and MOORE, Circuit Judges.

## ORDER

RADER, Chief Judge.

Biopolymer Engineering, Inc. (Biothera) responds to the court's order directing it to respond whether this case should be dismissed for lack of a case or controversy. Biothera requests that the court rule that the appeal is not moot or, in the alternative, vacate the January 28, 2009 order of the United States District Court for the District of Minnesota granting summary judgment of noninfringement.

Biothera brought suit alleging that Immunocorp and Biotec Pharmacon ASA (Biotec) infringed 14 of Biothera's patents. Both parties filed summary judgment motions concerning one of the patents in suit, United States Patent No. 5,702,719 (the '719 patent), and the district court granted Biotec's motion for summary judgment that the '719 patent was not infringed. While the case was pending in the district court, the parties entered into a settlement agreement. Pursuant to the terms of the settlement agreement, the district court entered judgment of noninfringement, and Biothera appealed.

Biotec submitted to this court a letter indicating that, pursuant to the settlement agreement, it had agreed not to participate in this appeal. The court then directed Biothera to show cause why this case should not be dismissed as moot due to lack of a case or controversy.

Biothera asserts that this appeal is not moot because "[a] very real and current controversy exists as to whether defendants' products infringe the '719 patent." Biothera states that this appeal "will directly decide the legal rights between Biothera and the defendants. If Biothera fails to prevail in its appeal, the judgment of noninfringement of all of Defendant's accused products will become final. However, if Biothera prevails in its appeal, the judgment of non-infringement will be reversed or vacated."

A settlement agreement does not necessarily result in mootness of an appeal. In *Havens Realty Corp. v. Coleman,* 455 U.S. 363 371, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982), the United States Supreme Court determined that a case was not moot although the parties had reached a letter agreement, subject to the approval of the district court, that established damages contingent on the outcome of the Supreme Court case. The court stated that "respondents continue to seek damages.... Given respondents' continued active pursuit of monetary relief, this case remains 'definite and concrete, touching the legal relations of parties having adverse legal interests.' " *Id.* With respect to a party that had sought only injunctive relief in the district court, the court noted that the case was not moot because "the letter agreement, under which HOME agreed not to seek any further injunctive relief and which involves settlement of an uncertified class action, is still subject to the approval of the District Court." *Id.* at 371, n. 10, 102 S.Ct. 1114. *See also Nixon*